UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                        **CRIMINAL ACTION NO. 3:11-CR-27**
                                                        **(JUDGE GROH)**

**KENNETH HAROLD HOGAN,**

    Defendant.

## ORDER GRANTING MOTION TO WITHDRAW AND DENYING MOTION TO UNSEAL

This matter is now before the Court for consideration of two motions. On February 27, 2013, the *pro se* Defendant, Kenneth Harold Hogan, filed a "Motion to Unseal Document Restriction and For Other Relief" [Doc. 39]. On February 28, 2013, Defendant's counsel, William J. Powell, Jackson Kelly PLLC, and S. Ramani Pillai, Esquire, filed a Motion to Withdraw [Doc. 41]. Because the motions were filed within a close period of time, the Court will consider the motions together.

First, the Court considers Defendant's counsel's Motion to Withdraw. In support of the motion, defense counsel states that "On February 27, 2013 Mr. Hogan filed a Motion to Unseal Records, *pro se*, and stated that it was his intent to file a § 2255 Motion. . . . Mr. Hogan has apparently made a decision to represent himself." Defense counsel argues that "Mr. Hogan's actions appear to present a conflict of interest from which his counsel cannot overcome." Therefore, finding good cause, this Court hereby **GRANTS** the Motion to Withdraw **[Doc. 41]**. Accordingly, William J. Powell and S. Ramani Pillai, Esquire are

1

**ORDERED TERMINATED** from this criminal action

Second, the Court considers the *pro se* Defendant's Motion to Unseal. The Court will not address motions filed by a Defendant, allegedly *pro se,* while he or she is still represented by counsel. However, in light of the Court's ruling granting Defendant's counsel's Motion to Withdraw, the Court addresses the Defendant's Motion to Unseal. Defendant requests this Court to unseal documents in the instant criminal case so he may prepare his Petition for Post-Conviction Relief pursuant to 28 U.S.C. § 2255. Upon review of Defendant's motion, the Court does not find good cause and **DENIES** the motion to unseal. Although there is a sealed indictment [Doc. 2], there is also an unsealed indictment [Doc. 1]. The unsealed indictment is identical to the sealed indictment except for the omission of the grand jury foreperson's signature. The remaining sealed documents are several arrest warrants and summonses, and the documents would not be relevant or necessary for the Defendant to prepare his petition for post-conviction relief pursuant to 28 U.S.C. § 2255.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the *pro se* Defendant, by certified mail, return receipt requested.

**DATED**: March 1, 2013

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE